## THE PEOPLE *v.* DEL MORAL ET AL.

### APPEAL from the District Court of Mayagüez.

No. 247.—Decided June 25, 1910.

CRIMINAL LAW—COCKFIGHTING—SUFFICIENCY OF COMPLAINT—PREMEDITATION.— The defendants herein having been charged with the commission of the crime defined and punished in section 5 of the Act of March 10, 1904, prohibiting cockfighting, and it having been alleged in the complaint that they voluntarily and maliciously committed such act, such an imputation in this class of cases necessarily implies premeditation on the part of the accused.

ID.—STATUTORY CONSTRUCTION—LAWS TO PREVENT CRUELTY TO ANIMALS.—Acts having for their object the prevention of cruelty to animals should be construed so as to effectuate the legislative intention, and attain the practical object of the laws, so far as the rules of construction may warrant, without involving absurd consequences.

ID.—COMPLAINT—REQUIREMENTS TO BE COMPLIED WITH.—The indictment, information, or complaint must describe the offense with reasonable certainty; the complaint must be sufficient to apprise the defendant of that with which he is charged and enable him to plead a conviction or an acquittal in bar of another prosecution for the same offense. Charging the offense in the statutory language, or language substantially equivalent thereto, will ordinarily be deemed sufficient.

ID.—MISDEMEANOR—ABSENCE OF ACCUSED—POSTPONEMENT OF TRIAL.—Where the case is set and the trial begun with the consent of the parties, if the accused in a misdemeanor case voluntarily absents himself, his absence is not a ground for the postponement of the trial, even where his counsel offers him as a witness, if he has not previously offered him as such, and without demonstrating or attempting to show the importance of his testimony.

The facts are stated in the opinion.

Messrs. *F. L. Cornwell* and *Fernando Vázquez* for appellants.

Mr. *Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

A sworn complaint was filed in the municipal court of Mayagüez reading as follows: "I, Modesto Millán, a detective, a resident of Mayagüez for the past 29 years, file a complaint against Carmelo Carlos *et al.,* for the crime of cruelty to animals, committed as follows: That on January 21, 1910,

and in the *barrio* of Guanajibos of the municipal judicial district of Mayagüez, about 4.30 p. m., the defendants (naming more than 50 persons including the appellant, Moral), wilfully and maliciously brought about a cockfight in a hut situated on the property of Carmelo Carlos in the said *barrio,* being surprised at the moment they were about to throw the cocks to fight, which cocks were seized and accompany this complaint.''

The municipal court acquitted some and sentenced others of the defendants, and the case having been appealed to the District Court of Mayagüez, a new trial was had and judgment rendered declaring a number of the defendants guilty, including the appellant, Moral, and sentencing him to pay a fine of $50.

The transcript of the record contains a bill of exceptions and a statement of facts prepared in due form by the appellant and approved and certified to by the trial judge.

Two exceptions are mentioned in the brief of the appellant. The first is that the facts, as stated in the complaint, do not constitute a crime.

The appellant alleges in his brief that in order that the crime punished by law be considered to have been committed, it is necessary to establish as a material fact that the fight had been premeditated by the person who owned or kept the cocks, a material fact which does not appear in the complaint.

Section 5 of the act to prevent cruelty to animals, approved March 10, 1904, provides as follows:

"Section 5.—Any person who sets on foot, instigates, promotes, or carries on, or does any act as assistant, umpire or principal, or in any way aids in or engages in the furtherance of any fight between cocks or other birds, or dogs, or bulls, or other animals, premeditated by any person owning or having custody of such birds or animals, shall be punished by a fine not exceeding fifty dollars or by imprisonment not exceeding thirty days, or by both penalties in the discretion of the court.''

. The intention of the legislature in this case was undoubtedly to prohibit cockfights as cruelty to those animals, and we must endeavor to construe the law in such a way as to permit the intention to be effectively carried out.

"Acts having for their object the prevention of cruelty to animals should be construed so as to effectuate the legislative intention and attain the practical object of such laws, so far as the rules of construction may warrant, without involving absurd consequences." (2 Cyc., 341.)

"The indictment, information or complaint must describe the offense with reasonable certainty; such complaint must be sufficient to apprise the defendant of that with which he is charged, and enable him to plead a conviction or an acquittal in bar of another prosecution for the same offense. Charging the offense in the statutory language, or language substantially equivalent thereto, will ordinarily be deemed sufficient." (2 Cyc., 345.)

In this case the criminal act charged against the defendants is clearly described in the complaint. Under it the defendants could prepare their defense, and the judgment rendered acquitting some and convicting others may be invoked if they were prosecuted again for the same offense.

It is further alleged that the defendants committed the act wilfully and maliciously, and this charge, so made, in crimes of this character, necessarily implies premeditation on the part of the defendants; and, finally, it must be remembered that a complaint and not an information is involved.

The second exception is based on the fact that "upon the conclusion of the introduction of evidence for the prosecution and that of the defendants represented by Attorney Fajardo, Attorney Vásquez moved for a continuance on the ground that his client, Moral, was absent and he wished to introduce him as a witness. The judge denied the motion and counsel took exception.

It is evident that this exception is groundless. A day having been set for the trial and it having commenced with the agreement of the parties, if the defendant in the case of a

misdemeanor voluntarily absents himself, his absence is no reason for a continuance of the proceedings, even though his attorney proposes him as a witness without previously indicating his intention so to do, and without showing, or endeavoring to show, the importance of his testimony. .

Furthermore, we have examined the evidence presented and embodied in the statement of facts, and, in our judgment, the criminal acts charged against the appellant and others appears to be fully established.

In furtherance of justice we hold that the appeal should be dismissed and the judgment appealed from, affirmed.

*Affirmed.*

Justices MacLeary and Wolf concurred.

Chief Justice Hernández and Justice Figueras did not take part in the decision of this case.